

ENTERED
07/02/2019

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | § | |
|---|---|---|
| In re: | § | Case No. 19-33694 (DRJ) |
| | § | |
| WEATHERFORD INTERNATIONAL PLC, *et al.*, | § § § | Chapter 11 |
| | § | |
| Debtors.[1] | § | (Joint Administration Requested) |
| | § | |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A)
CONTINUE THE INSURANCE POLICIES, WORKERS'
COMPENSATION PROGRAM, AND SURETY BOND PROGRAM
AND (B) PAY ALL OBLIGATIONS WITH RESPECT THERETO,
(II) AUTHORIZING DEBTORS TO MAINTAIN POSTPETITION
FINANCING OF INSURANCE PREMIUMS AND OBTAIN RENEWALS
THEREOF, (III) GRANTING RELIEF FROM AUTOMATIC STAY
WITH RESPECT TO WORKERS' COMPENSATION CLAIMS, (IV)
AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR AND PROCESS
RELATED CHECKS AND TRANSFERS, AND (V) GRANTING RELATED RELIEF**

**[Relates to Motion at Docket No. 12 ]**

Upon the motion (the "**Motion**")[2] of the Debtors for an order (i) authorizing the Debtors to (a) continue their Insurance Policies, Workers' Compensation Program, and Surety Bond Program in accordance with their prepetition practices and pursuant to the policies and agreements related thereto and perform their obligations with respect to the foregoing, and (b) pay or otherwise satisfy all undisputed, due and payable, prepetition and postpetition obligations relating to the Insurance Policies and the Workers' Compensation Program including the Insurance Obligations and the Surety Bond Obligations prepetition and postpetition; (ii) authorizing the Debtors to maintain

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Weatherford International plc (6750); Weatherford International Ltd. (1344); and Weatherford International, LLC (5019). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 2000 St. James Place, Houston, TX 77056.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

necessary insurance coverage and Surety Bond Program coverage during the pendency of the Chapter 11 Cases by obtaining renewal coverage or new insurance and financial assurance arrangements; (iii) lifting the automatic stay of Section 362 of the Bankruptcy Code to allow Workers' Compensation Claimants to proceed with their claims under the applicable Insurance Policy and to allow the Debtors or their applicable Insurance Carrier and/or third party administrators to negotiate, settle and/or litigate Workers' Compensation Claims, and pay resulting amounts, whether such claims arose before or after the Petition Date; (iv) authorizing the Debtors to maintain or renew current PFAs during the pendency of the Chapter 11 Cases and/or enter into new, post-petition financing arrangements with respect to their insurance premiums; (v) authorizing financial institutions to honor and pay all related checks presented and funds transfer requests; and (vi) granting related relief; and upon consideration of the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates as contemplated by Bankruptcy Rule 6003 and is in the best interests of the Debtors and their respective estates and creditors; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

2. The Debtors are authorized, pursuant to Sections 105(a), 362(d), 363(b), 363(c), 364(c), 503, 1107(a), and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Bankruptcy Local Rules 4002-1 and 9013-1 to maintain their Insurance Policies, Workers' Compensation Program, and the Surety Bond Program, and to pay or otherwise satisfy any Insurance Obligations (including obligations related to Insurance Deductibles and, SIR), Surety Bond Obligations, and obligations related to the Indemnity Agreements whether arising before or after the Petition Date, in the ordinary course of business and consistent with prepetition practices.

3. The Debtors are authorized to revise, extend, supplement, or change insurance coverage, the Workers' Compensation Program, the Surety Bond Program, as needed, including through the provisions of collateral under the Indemnity Agreements, and, in consultation with the Required Consenting Noteholders, to enter into new insurance policies, Surety Bonds, Indemnity Agreements, or other security instruments through renewal or purchase of new insurance policies, surety bonds, or other security instruments; *provided, however*, that no additional collateral shall be provided except to the extent not inconsistent with the terms of this Court's *Interim Order (A) Authorizing the Debtors to Obtain Post-Petition Financing, (B) Authorizing the Debtors to Use Cash Collateral, (C) Granting Liens and Providing Superpriority Administrative Expense Status, (D) Modifying the Automatic Stay, (E) Scheduling Final Hearing, and (F) Granting Related Relief* (the "**Interim DIP Order**"), the Final Order (as defined in the Interim DIP Order), and the DIP Credit Agreement (as defined in the Interim DIP Order).

4. The Debtors are not authorized by this Order to take any action with respect to a Surety Bond that would have the effect of transforming a prepetition *undersecured or unsecured* Surety Bond Obligation to a post-petition or secured obligation. Such relief may be sought by separate motion.

5. The Debtors are authorized to (i) honor their commitments and obligations under the PFAs and make all payments thereunder, (ii) continue to grant to the applicable Aon Entity and/or FIRST counterparty a first priority lien on and security interest in the PFA Collateral (as defined in the Motion), with recourse solely to such PFA Collateral to the extent necessary to secure the Debtors' performance of their obligations under the PFAs and the Debtors' Indebtedness (as Defined in the Motion) under the PFAs (the "**PFA Liens**"), (iii) in consultation with the Required Consenting Noteholders, enter into new PFAs, as needed in the Debtors' business judgment, and (iv) maintain, revise, extend, supplement, or change PFAs as needed in the Debtors' business judgment. The PFA Liens shall be senior to the lien of any DIP Lender in the Chapter 11 Cases and are senior to any claims specifically asserted against any PFA Collateral under 11 U.S.C. §§ 503, 506(b) or 507(b), provided, however, that with respect to the enforcement of the liens or claims described herein, the applicable Aon Entities and/or FIRST shall have recourse solely against the PFA Collateral.

6. To the extent that (i) the Debtors fail to make timely payments under any PFAs that are executed after the Petition Date and (ii) such payment default remains uncured for at least ten (10) calendar days after the Aon Entities and/or FIRST send to the Debtors the requisite Notice of Intent to Cancel Insurance Coverage contemplated under the PFAs (with a copy filed on the Court's docket to the extent reasonably practicable and sent to (i) the U.S. Trustee, Stephen Statham, via email at the following email address: stephen.statham@usdoj.gov; (ii) Shearman &

4

Sterling LLP as counsel to the DIP Agent, care of Fredric Sosnick, via email at the following email address: fsosnick@shearman.com); and (iii) Akin Gump, as counsel to the Ad Hoc Noteholder Committee, care of Meredith Lahaie and Kate Doorley via email at the following email addresses: mlahaie@akingump.com and kdoorley@akingump.com) the automatic stay of Section 362 of the Bankruptcy Code shall automatically lift to enable the Aon Entities and/or FIRST (as applicable) to take all steps necessary and appropriate to cancel the Insurance Policies consistent with the requirements of the PFAs, collect the PFA Collateral and apply such PFA Collateral to the Indebtedness owed to the Aon Entities and/or FIRST in accordance with the terms of the PFAS and this Order. Any third parties, including insurance companies providing the protection under the Insurance Policies, are hereby authorized to take all steps necessary and appropriate to cancel the Insurance Policies and send the PFA Collateral to the Aon Entities and/or FIRST upon cancellation consistent with the terms of the applicable policies and the applicable PFAs.

7. The Debtors are authorized to pay the commissions, fees, and other costs of the Broker, whether arising before or after the Petition Date, in the ordinary course of business.

8. The automatic stay of Section 362 of the Bankruptcy Code is hereby lifted to allow Workers' Compensation Claimants to proceed with their claims under the applicable Insurance Policy or program and to allow the Insurance Carriers and/or third party administrators to negotiate, settle, and/or litigate Workers' Compensation Claims, and pay resulting amounts, whether such claims arose before or after the Petition Date.

9. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

designation of any particular check or electronic payment request as approved by this Order, and the Debtors are authorized to replace any prepetition checks or electronic transfers relating to the prepetition obligations approved herein that may be dishonored or rejected.

10. The Debtors' banks and financial institutions may rely on the representations of the Debtors with respect to whether any check or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this Order.

11. The automatic stay of Section 362 of the Bankruptcy Code is further modified to the extent necessary to permit the relief requested in the Motion.

12. Notwithstanding anything contained in the Motion or this Order, any payment, obligation or other relief authorized by this Order shall be subject to and limited by the requirements imposed on the Debtors under the terms of any interim and/or final orders approving any postpetition financing and/or the use of cash collateral, or budget in connection therewith, entered by this Court in the Chapter 11 Cases, and to the extent there is any inconsistency between the terms of such financing and/or cash collateral orders and any action taken hereunder, the terms of such financing and/or cash collateral orders shall control; *provided, however,* that (a) the liens, security interests and rights in the PFA Collateral granted under the PFAs are senior to the lien of any DIP Lender in the Chapter 11 Cases and are senior to any claims under 11 U.S.C. §§ 503, 506(b) or 507(b) specifically asserted against such unearned premiums, and (b) with respect to the enforcement of the PFA Liens, the Aon Entities and/or FIRST shall only have recourse against the PFA Collateral resulting from financed Insurance Policies.

13. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Debtors; (ii) to create any rights in favor of, or enhance the status of any claim held by,

6

any person to whom any of the Insurance Obligations and/or Surety Bond Obligations may be owed; (iii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim on any grounds except for the liens, security interests and rights in the PFA Collateral granted to the Aon Entities and/or FIRST as otherwise discussed herein; (iv) a promise or requirement to pay any claim; (v) an implication or admission that any particular claim is of a type specified or defined in the Motion, this Order or any order granting the relief requested by the Motion; (vi) a request or authorization to assume any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; or (vii) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; *provided however,* that nothing contained in this paragraph is intended to call into question the validity of the PFAs or otherwise compromise the rights and remedies of the Aon Entities and FIRST contained therein.

14. The Debtors shall maintain a matrix/schedule of payments related to the Insurance Policies, the Workers' Compensation Program, and the Surety Bond Program made pursuant to this Order, including the following information: (i) the names of the payee; (ii) the date and amount of the payment; (iii) the category or type of payment, as further described and classified in the Motion; and (iv) the Debtor or Debtors that made the payment. The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, Akin Gump, as counsel to the Ad Hoc Noteholder Committee, and to any statutory committee appointed in the Chapter 11 Cases contemporaneously along with the filing of the Debtors' first monthly operating report in the Chapter 11 Cases.

15. The Debtors will notify the U. S. Trustee and any statutory committee appointed in the Chapter 11 Cases if the Debtors increase, decrease or terminate existing insurance or surety coverage, change insurance or surety carriers, enter into any new premium financing agreements, or obtain additional insurance coverage or surety bonds.

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the applicable Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

17. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

18. The requirements of Bankruptcy Rule 6004(a) are waived.

19. Notwithstanding any Bankruptcy Rule to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

20. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

21. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

**Signed:  July 02, 2019.**

_____
**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**