IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| WEATHERFORD INTERNATIONAL PLC, *et al.*, | ) Case No. 19-33694 (DRS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**GAMCO ASSET MANAGEMENT, INC.'S LIMITED MOTION FOR
RECONSIDERATION OF THE COURT'S CONFIRMATION ORDER**

GAMCO Asset Management, Inc. ("GAMCO"), on behalf of itself and all similarly situated common shareholders of Weatherford International plc ("Weatherford"), respectfully submits this motion pursuant to Fed. R. Civ. P. 59 and Fed. R. Bankr. P. 9023 for limited reconsideration of the Court's *ORDER (I) APPROVING DEBTORS' DISCLOSURE STATEMENT AND (II) CONFIRMING SECOND AMENDED JOINT PREPACKAGED PLAN OF REORGANIZATION FOR WEATHERFORD INTERNATIONAL PLC AND ITS AFFILIATE DEBTORS UNDER CHAPTER 11 OF THE BANKRUPTCY CODE*, dated September 11, 2019 (ECF No. 343) (the "Confirmation Order"), which overruled *GAMCO ASSET MANAGEMENT, INC.'S LIMITED OBJECTION TO DEBTORS' MOTION FOR APPROVAL OF THE PLAN*, dated August 20, 2019 (ECF No. 281) (the "Limited Objection").

By this motion, GAMCO seeks an order, substantially in the form attached hereto as Exhibit A: (i) granting limited reconsideration of the portion of the Confirmation Order overruling GAMCO's Limited Objection; and (ii) clarifying that the third-party release and injunction in Weatherford's plan of reorganization does affect the litigation rights of former Weatherford common shareholders who are non-parties to the debtors' Chapter 11 cases or current shareholders who voted against the plan.

**INTRODUCTION**

1.  GAMCO timely filed the Limited Objection to Weatherford's plan of reorganization (the "Plan") in these Chapter 11 proceedings (the "Chapter 11 Proceedings") challenging the non-debtor third-party release in Article X.B.2. (the "Third Party Release") on the grounds that, among other things, the Third Party Release and related injunction in Article X.G (the "Injunction") arguably bar litigation claims by: (i) *former* equity investors in Weatherford during the Class Period (as defined below) who no longer held shares at the commencement of the Chapter 11 Proceedings or thereafter and are thus not parties to the proceedings or the Plan (the "Non-Party Shareholders"); and (ii) *existing* equity holders who voted against the Plan but did not expressly opt out of the Third-Party Release (the "No-Voter Shareholders"). The Court overruled the Limited Objection on the grounds that GAMCO purportedly lacked standing to object on behalf of others (after it opted out of the Third-Party Release) and confirmed the Plan with the Third-Party Release and related Injunction intact.

2.  Respectfully, regardless of GAMCO's standing,[1] this was manifest error. The Fifth Circuit's holding in *In re Pacific Lumber Co.*, 584 F.3d 229, 252 (5th Cir. 2009) prohibits non-consensual, non-debtor third-party releases, such as the Third-Party Release in the Plan. Further, under the reasoning in *In re Bigler LP*, 442 B.R. 537, 544 (Bankr. S.D. Tex. 2010), a plan that contains such a release effecting non-parties and no-voters is unconfirmable on its face.

3.  Accordingly, GAMCO respectfully requests that the Court reconsider its overruling of the Limited Objection and that it revises the Confirmation Order (or issues a separate order

---

[1] As set forth in paragraph 16, *infra*, the Court should have rejected the Plan as unconfirmable by virtue of the broad Third-Party Release, regardless of GAMCO's standing. Nevertheless, GAMCO reserves the right, as necessary, to appeal the standing issue to the United States District Court.

similar to Exhibit A) to clarify that the Third-Party Release and related Injunction do not affect the litigation rights of the Non-Party Shareholders and No-Voting Shareholders.

## BACKGROUND

4. GAMCO is an investment manager which currently owns more than six million shares of Weatherford common stock on its own behalf and on behalf of clients. At certain points during the Class Period, GAMCO owned more than 10 million Weatherford common shares on behalf of itself and its clients.

5. On August 20, 2019, GAMCO filed the Limited Objection to the Plan on grounds that, among other things, the Third-Party Release in Article X.B.2 of the Plan could be interpreted to bar potential securities class action claims GAMCO was investigating against non-debtor current and former directors and officers of Weatherford.

6. On September 6, 2019, GAMCO filed a class action, entitled *GAMCO Asset Management, Inc. v. McCollum et al.*, No. 4:19-cv-03363 (S.D. Tex.) (the "Securities Class Action"), in the United States District Court for the Southern District of Texas against certain non-debtor former and current directors and officers of Weatherford alleging violations of the federal securities laws on behalf of itself and a putative class of equity investors (the "Putative Class") that purchased or otherwise acquired common shares of Weatherford: (i) during the period from October 26, 2016 through May 10, 2019 (the "Class Period"); and/or (ii) pursuant or traceable to Weatherford's secondary offering of common shares that closed on or about November 21, 2016.

7. On September 9, 2019, GAMCO filed in these Chapter 11 Proceedings, on behalf of itself and all similarly situated common shareholders, an *UPDATE IN FURTHER SUPPORT OF ITS LIMITED OBJECTION TO THE PLAN CONFIRMATION* (ECF No. 324), to alert the Court that GAMCO had commenced the Securities Class Action on behalf of the Putative Class.

8.     On September 11, 2019, the Court held the confirmation hearing for the Plan. At the hearing, the Court ruled that GAMCO lacked standing to act on behalf of any shareholders other than itself[2] and could therefore not object to the Third-Party Release because it had opted out.[3] Accordingly, the Court declined to entertain GAMCO's argument that the Plan was patently unconfirmable due to the Third-Party Release and related Injunction to the extent they affect the litigation rights of the Non-Party Shareholders and No-Voting Shareholders.

9.     Thereafter, the Court issued the Confirmation Order that overruled GAMCO's Limited Objection. (ECF No. 343 p. 22).

**ARGUMENT**

10.    In order to prevail on a motion for reconsideration under Rule 59(e), a movant must (1) clearly establish a manifest error of law or fact, (2) present newly discovered evidence, or (3) demonstrate that there has been an intervening change in the controlling law. *See In re Benjamin Moore & Co.,* 318 F.3d 626, 629 (5th Cir. 2002); *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks and citation omitted).

11.    A Motion for Reconsideration under Rule 59 of the Federal Rules of Civil Procedure is made applicable to bankruptcy cases under Fed. R. Bank. P. 9023. *See In re Adkins*, No. 13-01001, 2014 WL 7338948, at *1 (Bankr. N.D. Tex. Dec. 22, 2014). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." *In re*

---

[2] THE COURT: Rule 23, because, again, you didn't seek to invoke Rule 23 before me, I'm asking you, is there any ability that you have as a lawyer to represent anyone other than GAMCO in this court?
MR. PORTER: No, Your Honor.
THE COURT: So I think the standing issue is probably resolved, isn't it?

[3] MR. PORTER: Okay. Then I would ask -- request, Your Honor, at least to allow me to address the former shareholders and --
THE COURT: But you've opted out. You're not bound by any release. Right? You've gotten everything that GAMCO could want to have today. Correct? Or am I missing something?

*Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002) (internal quotations omitted).

12. Respectfully, here it was manifest error for the Court to confirm Weatherford's Plan without requiring language clarifying that the Third-Party Release and related Injunction do not apply to the Non-Party Shareholders and No-Voting Shareholders, who, respectively, either could not have or did not consent. It is well-settled that Fifth Circuit law broadly prohibits non-consensual third-party, non-debtor releases under Section 524(e). *See*, *e.g.*, *Pacific Lumber*, 584 F.3d at 252 ("In a variety of contexts, this court has held that Section 524(e) only releases the debtor, not co-liable third parties. These cases seem broadly to foreclose non-consensual non-debtor releases and permanent injunctions.") (internal citation omitted).

13. Nor can such releases be valid as part of a "settlement" under Section 1123(b)(3)(A). In *Bigler*, 442 B.R. at 544, the court recognized that a plan containing a non-debtor, third-party release such as the Third-Party Release at issue here was unconfirmable when it included as releasing parties those who voted against the plan and non-parties to the bankruptcy:

> Unfortunately, this is where Article 12.1 runs into trouble. It is not quite a valid settlement of claims for the purposes of § 1123(b)(3)(A). Because the Plan language quoted above applies to parties, such as the Trusts, who have voted against the Plan, and may even extend to individuals and entities who are not even parties to this case, the language of Article 12.1 may include people and entities who do not consent to the release of the derivative claims that they could bring. As a result, Article 12.1 violates the requirements of consent and consideration for a valid settlement of claims.

14. Put another way, a valid settlement of claims which includes non-debtor releases "would require . . . consent and consideration by each participant in the agreement to be valid." *Bigler*, 442 B.R. at 543-44. Here, the No-Voter Shareholders obviously did not consent, rather they specifically voted against the Plan containing the Third-Party Release.

15. Likewise, the Non-Party Shareholders not only did not consent, they received no

5

notice and were thus likely unaware of the Chapter 11 Proceedings. And they were certainly unaware of the Third-Party Release in the Plan. Approval of the Third-Party Release under these circumstances violated the general principle that "to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. The plaintiff must receive notice plus an opportunity to be heard and participate in the litigation, whether in person or through counsel." *Silber v. Mabon*, 18 F.3d 1449, 1453–54 (9th Cir. 1994). The Court did not permit GAMCO to argue on behalf of the absent Non-Party Shareholders because GAMCO had already itself opted out of the Third-Party Release – a classic Catch-22 – and thus the rights of these non-parties will potentially be prejudiced.

16. At bottom, applicable Fifth Circuit precedent prevents the Third-Party Release from affecting the rights of the Non-Party Shareholders and No-Voting Shareholders, and, therefore, the Plan was unconfirmable on its face. This is true regardless of GAMCO's standing to object. *See, e.g., In re Congoleum Corp.*, 414 B.R. 44, 55 (D.N.J. 2009) ("Under 11 U.S.C. § 1129(a), a bankruptcy court must determine that a proposed plan of reorganization complies with all relevant sections of the Bankruptcy Code prior to confirming a plan, even where no creditor objects to the proposed plan. While the appellants may be correct that a court should not consider objections to confirmation of a plan made by parties without standing, in the instant case, the Bankruptcy Court found the plan facially unconfirmable without considering the insurers' objections.").

17. Accordingly, GAMCO respectfully requests that the Court reconsider its Confirmation Order and clarify that the Third-Party Release and related Injunction do not apply to bar any litigation claims by or on behalf of the Non-Party Shareholders and No-Voting Shareholders.

Dated:  September 25, 2019	Respectfully submitted,

    */s/ Andrew J. Entwistle*
Andrew J. Entwistle
**ENTWISTLE & CAPPUCCI LLP**
500 W. 2nd Street, Suite 1900-16
Austin, Texas 78701
Telephone: (512) 710-5960

Joshua K. Porter (*pro hac vice*)
**ENTWISTLE & CAPPUCCI LLP**
299 Park Avenue, 20th Floor
New York, New York 10171
Telephone: (212) 894-7200

*Counsel for GAMCO Asset Management, Inc.*

7

## **CERTIFICATE OF SERVICE**

I certify that on September 25, 2019, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                          */s/ Andrew J. Entwistle*
                                            Andrew J. Entwistle