**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

------------------------------------------------------------------------- x

In re:                                                                    : Chapter 11

                                                                          :

WEATHERFORD INTERNATIONAL PLC, *et al.*,                                  : Case No. 19-33694 (DRJ)

                                                                          :

        Debtors.[1]                                    : (Jointly Administered)

                                                                          :

------------------------------------------------------------------------- x

**DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**EXTENDING THEIR EXCLUSIVE PERIODS**

---

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

---

      The above-captioned debtors and debtors in possession (collectively, the "**Debtors**")

respectfully state the following in support of this motion (the "**Motion**"):

**RELIEF REQUESTED**

      1.      By this Motion, the Debtors seek entry of an order (the "**Order**"), substantially in

the form attached hereto as Exhibit A, extending, by 60 days, the period during which the Debtors

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Weatherford International plc (6750); Weatherford International Ltd. (1344); and Weatherford International, LLC (5019). The location of the Debtors' U.S. corporate headquarters and the Debtors' service address is: 2000 St. James Place, Houston, TX 77056.

have the exclusive right to file a chapter 11 plan (the "**Exclusive Filing Period**" through and including December 28, 2019 and the period during which the Debtors have the exclusive right to solicit a plan (the "**Exclusive Solicitation Period,**" and, together with the Exclusive Filing Period, the "**Exclusive Periods**") through and including February 26, 2020.  The Debtors' initial Exclusive Filing Period and Exclusive Solicitation Period are currently set to expire on October 29, 2019 and December 28, 2019, respectively.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and this Court may enter a final order consistent with Article III of the United States Constitution.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is section 1121 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended and modified, the "**Bankruptcy Code**").

**BACKGROUND**

4.      On July 1, 2019 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code and commenced the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 41].  On July 17, 2019, the Office of the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**") appointed the Official Committee of Unsecured Creditors (the "**Creditors' Committee**").

2

6.      On September 9, 2019, the Debtors filed their Second Amended *Joint Prepackaged Plan of Reorganization for Weatherford International plc and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code* (as may be amended, modified, or supplemented, the "**Plan**") [Docket No. 328, Exhibit B].  On September 11, 2019, the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**") entered the *Order (I) Approving Debtors' Disclosure Statement and (II) Confirming Second Amended Joint Prepackaged Plan of Reorganization for Weatherford International plc and Its Affiliate Debtors Under Chapter 11 of the Bankruptcy Code* (the "**Confirmation Order**") [Docket No. 343].

## BASIS FOR RELIEF

7.      Section 1121(b) of the Bankruptcy Code provides for an initial period of 120 days after the commencement of a chapter 11 case during which a debtor has the exclusive right to file a chapter 11 plan.  See 11 U.S.C. § 1121(b) ("Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter."). Section 1121(c)(3) of the Bankruptcy Code provides that if a debtor files a plan within that 120-day period, it has a 180-day period from its petition date to solicit acceptance of its plan. 11 U.S.C. § 1121(c)(3).

8.      Pursuant to section 1121(d) of the Bankruptcy Code, the Bankruptcy Court may extend the Exclusive Periods "for cause."  See 11 U.S.C. § 1121(d) ("[O]n the request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.").

9.      Although the Bankruptcy Code does not define the term "cause" for purposes of section 1121(d) or establish formal criteria for an extension of the Exclusive Periods, bankruptcy

3

courts have discretion to extend exclusivity to promote the orderly, consensual, and successful reorganization of a debtor's affairs.   See In re Timbers of Inwood Forest Assocs., Ltd., 808 F.2d 63, 372 (5th Cir. 1987) (noting that the meaning of "cause" under section 1121 should be viewed in context of the Bankruptcy Code's goal of fostering reorganization); In re Mirant Corp., No. 4-04-CV-476-A, 2004 WL 2250986, at *2 (N.D. Tex. Sept. 30, 2004) (noting that an extension of exclusivity is typically granted where "the debtor has shown substantial progress toward reorganization").

10.     Courts often use the following factors in determining whether "cause" exists to extend a debtor's exclusive plan filing period:

a.  the size and complexity of the case;
b.  the need for sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;
c.  whether the debtor has made progress in negotiations with its creditors;
d.  the existence of good faith progress toward reorganization;
e.  whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;
f.  whether the debtor has demonstrated reasonable prospects for filing a viable plan;
g.  the fact that the debtor is paying its bills as they become due;
h.  the amount of time which has elapsed in the case; and/or
i.  whether an unresolved contingency exists.

See, e.g., In re New Millennium Mgmt., LLC, No. 13-35719 (LZP), 2014 WL 792115, at *6 (Bankr. S.D. Tex. Feb. 25, 2014) (listing factors relevant to whether "cause" exists to extend exclusivity periods) (citing In re GMG Cap. Partners III, L.P., 503 B.R. 596 (Bankr. S.D.N.Y. 2014)).

11.     Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods.  See, e.g., In re Express One Int'l, Inc., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (listing all nine factors  but relying on only four as relevant in determining whether there was "cause" to extend exclusivity).

US-DOCS\111343179.2

Moreover, courts regularly grant a debtor's first request for an extension of the debtor's exclusive period to file a chapter 11 plan.  See In re Apex Pharm., Inc., 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120-day period in which debtors have an exclusive right to file a plan of reorganization . . . the bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.") (citation omitted); see also In re Borders Grp., Inc., 460 B.R. 818, 825 (Bankr. S.D.N.Y. 2011) (same).

12.     There is ample precedent for an initial extension of exclusivity.  See, e.g., In re Seadrill Ltd., No. 17-60079 (DRJ) (Bankr. S.D. Tex. Jan. 8, 2018) (granting an initial exclusivity extension of 180 days); In re GenOn Energy, Inc., No. 17- 33695 (DRJ) (Bankr. S.D. Tex. Oct. 3, 2017) (granting an initial exclusivity extension of six months); In re CJ Holding Co., No. 16-33590 (DRJ) (Bankr. S.D. Tex. Nov. 3, 2016) (granting an initial exclusivity extension of 120 days); In re SandRidge Energy Inc., No. 16-32488 (DRJ) (Bankr. S.D. Tex. Aug. 30, 2016) (granting an initial exclusivity extension of four months); In re Linn Energy LLC, No. 16-60048 (DRJ) (Bankr. S.D. Tex. Aug. 25, 2016) (granting an initial exclusivity extension of six months).

13.     The Debtors submit that cause exists to extend the Exclusive Periods and that several of the above-listed factors support an extension of the Debtors' Exclusive Periods.

14.     On September 11, 2019, the Bankruptcy Court entered the Confirmation Order confirming the Debtors' Plan.  The Debtors' confirmed Plan was overwhelmingly supported by the Debtors' stakeholders.  Among other things, the Plan reduces the Company's funded debt from approximately $8.35 billion to $2.10 billion, which will allow the Debtors to focus on long-term growth prospects and their competitive position in the market, and emerge from the Chapter 11 Cases as a stronger company, less burdened by debt service obligations.

US-DOCS\111343179.2

15.     The Debtors' capital structure and debt issuances by non-U.S. entities necessitated the commencement of two foreign proceedings — the Irish Scheme of Arrangement (as defined in the Plan) in the High Court of Ireland (the "**Irish Proceeding**") and the appointment of provisional liquidators and implementation of a scheme of arrangement in Bermuda (the "**Bermuda Proceeding**") — the completion of which are conditions precedent to the effectiveness of the Plan.  The Irish Proceeding commenced on September 23, 2019 and the Debtors expect the Irish Proceeding to be completed in the fourth quarter of 2019.  The Bermuda Proceeding commenced on July 1, 2019 and is expected to be completed at substantially the same time as the Irish Proceeding.

16.     Out of an abundance of caution, the Debtors believe it is prudent to seek an extension of the Exclusive Periods to preserve their exclusive right to file and solicit a new plan of reorganization should unforeseen issues arise with respect to the restructuring, the Irish Proceeding or the Bermuda Proceeding.

17.     The Debtors' substantial progress in working with their stakeholders and administering their Chapter 11 Cases supports the extension of the Exclusive Periods.  See In re Mirant Corp., 2004 WL 2250986, at *2 (noting that an extension of exclusivity is typically granted where "the debtor has shown substantial progress toward reorganization").  The Debtors' request for extension of the Exclusive Periods ensures that the Debtors will be able to file and solicit an alternative Plan if one is required due to unforeseen circumstances.  The Debtors have broad support for their restructuring as is evidenced by the support for the Debtors' confirmed Plan. The Debtors believe that an extension of the Exclusive Periods is in the best interest of all parties in interest.  All stakeholders benefit from continued stability and predictability that a centralized process provides, which can only occur while the Debtors remain the sole potential plan

proponents.  The Debtors have throughout these Chapter 11 Cases dedicated considerable time and effort in developing a restructuring strategy that will maximize value for all stakeholders and they will continue to do so in the event that an amended Plan is required.

18.     Accordingly, the Debtors submit that cause exists for the relief requested herein.

## NOTICE

19.     Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) Ropes & Gray LLP and Norton Rose Fulbright US LLP, as counsel to the Creditors' Committee; (iii) Simpson Thacher & Bartlett LLP as counsel to the agent for the Debtors' prepetition secured revolving credit facility, the Debtors' prepetition secured term loan facility and the Debtors' prepetition unsecured revolving credit facility; (iv) Deutsche Bank Trust Company Americas as indenture trustee for the Debtors' prepetition notes; (v) Akin Gump Strauss Hauer & Feld LLP as counsel to the Ad Hoc Noteholder Committee; (vi) Shearman & Sterling LLP as counsel to the DIP Agent; (vii) the United States Attorney's Office for the Southern District of Texas; (viii) the Internal Revenue Service; (ix) the Securities and Exchange Commission; (x) the state attorneys general for states in which the Debtors conduct business; (xi) Proskauer Rose LLP, as counsel to the ad hoc equity committee; and (xii) all parties that have requested or that are required to receive notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is required or needed under the circumstances.

*[The remainder of this page intentionally left blank]*

**WHEREFORE**, the Debtors respectfully request entry of the Order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 22, 2019  
Houston, Texas

Respectfully Submitted,

/s/ Timothy A. ("Tad") Davidson II

Timothy A. ("Tad") Davidson II (Texas Bar No. 24012503)  
Ashley L. Harper (Texas Bar No. 24065272)  
**HUNTON ANDREWS KURTH LLP**  
600 Travis Street, Suite 4200  
Houston, Texas 77002  
Tel:  713-220-4200  
Fax:  713-220-4285  
Email:  TadDavidson@HuntonAK.com  
         AshleyHarper@HuntonAK.com

-and-

George A. Davis (admitted *pro hac vice*)  
Keith A. Simon (admitted *pro hac vice*)  
David A. Hammerman (admitted *pro hac vice*)  
Annemarie V. Reilly (admitted *pro hac vice*)  
Lisa K. Lansio (admitted *pro hac vice*)  
**LATHAM & WATKINS LLP**  
885 Third Avenue  
New York, New York 10022  
Tel:   212-906-1200  
Fax:   212-751-4864  
Email:  george.davis@lw.com  
         keith.simon@lw.com  
         david.hammerman@lw.com  
         annemarie.reilly@lw.com  
         lisa.lansio@lw.com

*Counsel for the Debtors and Debtors in Possession*

US-DOCS\111343179.2